Michael S. Steck (#13870)
CLARIOR LAW
Attorney for Plaintiff
1173 South 250 West #206
St. George, UT 84770
435-215-7451
michael@clariorlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **MATERIALIZED ARMS, LLC dba VECTOR ARMS, a Utah Limited Liability Company,**<br><br>          Plaintiff,<br>vs.<br><br>**UNITED STATES OF AMERICA, and the Bureau of Alcohol, Tobacco, Firearms and Explosives.**<br><br>          Defendant. | **COMPLAINT**<br><br>Case No. 1:20-cv-00123 RJS<br><br>Judge Robert J. Shelby |

## INTRODUCTION

Materialized Arms, LLC dba Vector Arms ("Materialized Arms"), by and through undersigned counsel, and pursuant to The Constitution of the United States, The Second Amendment to The Constitution of the United States, The United States Code and The Federal Rules of Civil Procedure brings this Complaint against the Unites States of America and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("Defendants") for violations of the Civil Asset Forfeiture Reform Act ("CAFRA") and 18 U.S.C. § 983(a) as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331, as Plaintiff's claims arise under federal law.

2. Plaintiff brings its claims under the Civil Asset Forfeiture Reform Act ("CAFRA") and 18 U.S.C. § 983(a).

3. Venue is proper in the United States District Court for the District of Utah Central Division under 28 U.S.C. §§ 1391(b)(2) and 1391(e)(1)(B) because the seizure of Plaintiff's property occurred in Midvale, Utah. Midvale, Utah is located in the Central Division, District of Utah.

## THE PARTIES

**A. Plaintiff**

1. Plaintiff Materialized Arms LLC, dba Vector Arms ("Materialized Arms") is a limited liability company organized under the laws of the state of Utah.

2. Materialized Arms has a possessory interest in all of the assets seized by Defendant BATFE from Vector Arms, Corp.

3. Materialized Arms, LLC is a type 07 Federal Firearms License ("FFL") holder with a number of 9-87-057-07-2D-04049.

4. Materialized Arms, LLC is also a type 2 special (occupational) taxpayer ("SOT") as promulgated under the National Firearms Act ("NFA") and Title 26 of the Internal

Revenue Code.[1]

### B. Defendant United States of America

5. Defendant United States of America is the national federal government established by the United States Constitution and its Amendments.

### C. Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE")

6. The BATFE is a federal agency charged with enforcing U.S. Firearms laws.

7. The BATFE confiscated the Seized Firearms as described below.

### D. Non-Party Vector Arms, Corp

8. Vector Arms, Corp. was a Utah corporation licensed as a Type 07 FFL to manufacture firearms, including machine guns.

9. The BATFE confiscated the Seized Firearms from Vector Arms, Corp. on October 19, 2018 and October 29, 2018. (Exhibit B)

### E. Non-Party Kickback Coatings, Inc. ("KBC")

10. KBC, licensed as a type 07 FFL and SOT purchased all of the assets of Vector Arms, Corp. from the Chapter 7 bankruptcy in January 2019. (Exhibit A)

11. KBC subsequently sold all of the purchased assets from Vector Arms, Corp. to Materialized Arms on or about March 6, 2019. (Exhibit C)

---

[1] National Firearms Act, Public Law 474, approved June 26, 1934.  The NFA was enacted to tax the making and transferring of certain firearms under the NFA.  Those engaged in the licensed importing, dealing and manufacturing of NFA firearms pay an annual tax to transact in firearms under the NFA – known as the special (occupational) tax. 26 U.S.C. § 5801

**F. Non-Party U.S. Trustee Program of the Department of Justice ("US Trustee")**

   a. The US Trustee is the component of the Department of Justice with authority to oversee the administration of bankruptcy cases under 28 U.S.C. § 586 and 11 U.S.C. § 101, *et. seq.* and takes legal possession of the property of the debtor and operates any business of the debtor upon appointment.

## STATEMENT OF FACTS

4. Vector Arms, Corp filed for Chapter 11 bankruptcy in the United States Bankruptcy Court on District of Utah, Central Division on February 11, 2015.[2]

5. At the time of the Chapter 11 filing, Vector Arms, Corp. was legally in possession of several firearms and other items regulated under the NFA, including machine guns.

6. On or about September 11, 2018, Vector Arms, Corp. converted the Chapter 11 bankruptcy to a Chapter 7 bankruptcy in the United States Bankruptcy Court District of Utah, Central Division.[3]

7. On or about October 4, 2018, Steven Bailey of the office of the U.S. Trustee was appointed the Chapter 7 Trustee of the estate in case no. 15-21039.

8. On October 19, 2018, the BATFE seized certain guns from Vector Arms, Corp.

9. On October 29, 2018, the BATFE seized additional guns and property from Vector Arms Corp. The firearms seized by the BATFE on October 19, 2018 and October 29, 2018 are referred to as the "Seized Firearms".

---

[2] Docket number 1 in U.S. Bankruptcy Court District of Utah, Central Division, case no. 15-21039

[3] Docket number 262 in U.S. Bankruptcy Court District of Utah, Central Division, case no. 15-21039

10. Prior to the October 19, 2018 and October 28, 2018 confiscations, BATFE gave no notification to either the U.S. Trustee, Mr. Bailey or to the United States Bankruptcy Court of the impending confiscation.

11. On or about December 12, 2018, the Court ordered auction of Vector Arms, Corp. property in the legal possession of Mr. Bailey from the estate, including the Seized Firearms.[4]

12. The Seized Firearms were subject to divestiture according to the Sale and Court Order[5].

13. On or about January 2019, KBC, as the highest bidder for the property being sold, entered into a Bill of Sale and Acceptance of Sale Conditions agreement with the U.S. Trustee to purchase all property located within the estate, either located within the warehouse or elsewhere, including the Seized Firearms for $83,000.00[6] (the "Purchased Assets"). (Exhibit A).

14. On or about March 6, 2019, KBC entered into an Asset Purchase Agreement with Materialized Arms, selling and assigning all rights and interest in the Purchased Assets. (Exhibit C)

15. 18 U.S.C. § 983(a)(1)(A)(i) requires the Government to give notice of seizure no "more than 60 days after the date of the seizure".

16. To be in compliance with federal law, the Government was required to have given notice no later than December 18, 2018.

17. On October 30, 2019, nearly one year after the seizure, the U.S. Department of Justice

---

[4] Docket number 298 in U.S. Bankruptcy Court District of Utah, Central Division, case no. 15-21039
[5] Docket number 298 in U.S. Bankruptcy Court District of Utah, Central Division, case no. 15-21039
[6] Docket number 302 and 304 in U.S. Bankruptcy Court District of Utah, Central Division, case no. 15-21039

gave Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings ("Forfeiture Notice") (Exhibit D).

18. The Forfeiture Notice omitted certain items from the October 19, 2018 and October 29, 2018 takings notice provided to Mr. Bailey in late 2018 after the BATFE confiscation (hereinafter the "Omitted Items") as follows:

> SN: 820119 MP Uzi Kal 9mm IMI
> 13 Unmarked Receivers
> 4 Boxes of ATF Records

19. On or about November 15, 2019, Materialized Arms made a claim ("Claim") to the BATFE (Exhibit E) along with a $5,000.00 Cost Bond.

20. Since the filing of the Notice on October 30, 2019, no communications have been sent by the BATFE to either KBC or to Materialized Arms.

21. At the time of this filing, the Government has not filed a complaint for forfeiture.

22. On July 15, 2020 Plaintiff made demand for the return of the Seized Property as required under 18 U.S.C. § 983(f), which letter is incorporated herein by reference.  (Exhibit F)

## CLAIM NO. 1

(Produce the Seized Firearms and Omitted Items under 18 U.S.C. § 983(a)(1)(F))

Plaintiff realleges the allegations in the preceding paragraphs as if set forth fully below. 18 U.S.C. § 983(a)(1)(A)(i) requires the Government to send written notice to interested parties no more than 60 days after the date of the seizure.  The first seizure occurred on October 19, 2018, notice was not given until nearly a year later on October 30, 2019; 315 days overdue.  The Government did not request an extension for sending notice under 18 U.S.C. § 983(a)(1)(D).  At a minimum, because the Government did not send notice within the time required and no

extension was granted, the Government is required to produce the Seized Firearms and Omitted Items under 18 U.S.C. § 983(a)(1)(F).

## **CLAIM NO. 2**

(Produce the Seized Firearms and Omitted Items under 18 U.S.C. § 983(a)(3)(B))

Plaintiff realleges the allegations in the preceding paragraphs as if set forth fully below. On or about November 15, 2019, Materialized Arms made notice of claims to the BATFE for the Seized Firearms and the Omitted Items.  Under 18 U.S.C. § 983(a)(3)(B), the Government has not filed a complaint for forfeiture and has not produced the Seized Firearms and Omitted Items to Materialized Arms.  More than 90 days has passed since Materialized Arms made Claim and thus the time for the Government to file a complaint has expired.  Therefore, pursuant to federal law, the Government must produce the Seized Firearms and Omitted Items to Materialized Arms.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a) On Plaintiff's First Claim under 18 U.S.C. § 983(a)(1)(F), Order Defendants BATFE and the United States of America to immediately return Plaintiff's Seized Firearms and Omitted Items.

b) On Plaintiff's Second Claim under 18 U.S.C. § 983(a)(3)(B), Order Defendants BATFE and the United States of America to immediately return Plaintiff's Seized Firearms and Omitted Items.

c) Grant such other legal or equitable relief as the Court deems just and proper.

    d)  Enter an award against all Defendants allowing Plaintiff to recover its attorney's fees, costs (including the Cost Bond of $5,000.00), and expenses in this action under 28 U.S.C § 2412 and 28 U.S.C. § 2465(b)(1)(A).

DATED this 23rd day of September, 2020

                                        Respectfully submitted,

                                        /s/ Michael S. Steck
                                        Michael S. Steck
                                        *Attorney for Plaintiff*